FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RYAN L., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY, <br><br> Defendant. | No. 4:20-CV-05163-JAG <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 21, 22. Attorney Chad Hatfield represents Ryan L. (Plaintiff); Special Assistant United States Attorney Justin Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

### I.     JURISDICTION

Plaintiff filed an application for Supplemental Security Income on January 29, 2018, alleging disability since January 1, 2012, due to bipolar disorder, ADHD,

and anxiety. Tr. 79-80. The application was denied initially and upon reconsideration. Tr. 104-07, 111-17. Administrative Law Judge (ALJ) Lori Freund held a hearing on October 22, 2019, Tr. 33-78, and issued an unfavorable decision on November 26, 2019. Tr. 17-28. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on July 21, 2020. Tr. 1-5. Accordingly, the ALJ's November 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 17, 2020. ECF No. 1.

## II.    STATEMENT OF FACTS

Plaintiff was born in 1998 and was 19 years old when he filed his application. Tr. 26. He has a high school diploma and has taken courses on and off at the local community college. Tr. 61, 301. He has no significant work history, and his longest job was through a community-based assessment with vocational rehabilitation. Tr. 53-55. He testified that his primary barriers to working are his difficulties with attention and his various fears about what could possibly happen in a work environment, particularly if he were not good at his job. Tr. 56-58.

## III.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at

1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the claimant bears the burden of establishing a prima facie case of disability.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work.  20 C.F.R. § 416.920(a)(4).  If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy.  *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004).  If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 3

## V. ADMINISTRATIVE FINDINGS

On November 26, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 14-28.

At *step one*, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 20.

At *step two*, the ALJ determined Plaintiff had the following severe impairments: bipolar disorder, generalized anxiety disorder, and ADHD. *Id.*

At *step three*, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 17, 21. The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform work at all exertional levels, with the following non-exertional limitations:

> The claimant is limited to simple, repetitive tasks; occasional changes in the work setting; work away from the public; occasional interaction with coworkers and supervisors, but no tandem tasks; no fast-paced production work or timed work; occasional or less decision making; no managerial-type jobs.

Tr. 21.

At *step four*, the ALJ found Plaintiff had no past relevant work. Tr. 26.

At *step five* the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of janitor, hand packager, and automobile detailer. Tr. 27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 28.

## VI.  ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by: (1) failing to reopen Plaintiff's prior application for SSI benefits; (2) improperly evaluating the medical opinion evidence; (3) conducting an inadequate step three evaluation; (4) improperly rejecting Plaintiff's subjective complaints; and (5) failing to conduct and adequate step five analysis.

## VII.  DISCUSSION

A.  **Plaintiff's Subjective Statements.**

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints.  ECF No. 21 at 20-21.

 It is the province of the ALJ to make determinations regarding a claimant's subjective statements.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's findings, however, must be supported by specific, cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).  "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 22. The ALJ found Plaintiff's complaints were unsupported by the objective evidence of record and undermined by evidence of Plaintiff's activities and improvement with treatment. Tr. 22-23.

Plaintiff argues the ALJ's rationale is insufficient, as the ALJ primarily rejected his assertions based on the waxing and waning of symptoms and falsely concluded that medication controlled his symptoms after January 2018. ECF No. 21 at 20-21. Defendant argues the ALJ legitimately considered evidence of improvement, Plaintiff's activities, and the lack of support from the treatment records. ECF No. 22 at 17-20.

The Court finds the ALJ failed to offer clear and convincing reasons for discounting Plaintiff's reports. Evidence of medical treatment successfully relieving symptoms can undermine a claim of disability. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Improvement in symptoms, however, does not mean elimination of symptoms. As the Ninth Circuit has held that:

> it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment. Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.

*Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

The ALJ found Plaintiff's conditions were largely controlled with medication, noting his reports of stability, feeling less anxious, improved mood, and other incidents of feeling better. Tr. 22. While the ALJ is correct that Plaintiff

occasionally reported improvement in his symptoms, these reports were interspersed with or contemporaneous to reports of increased feelings of dread, more paranoia and suspiciousness, concern about catastrophes, anxiousness about change, and ongoing struggles with mood and anxiety. Tr. 489-93. The ALJ's selective citations to notes of improvement and better functioning is not representative of the record as a whole, particularly considering Plaintiff's bipolar condition, which can result in substantially different presentation at different points in his cycling. Tr. 476-77, 488. The Court finds the ALJ's conclusion is not supported by substantial evidence.

A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict their other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The Ninth Circuit, however, has repeatedly noted that many everyday activities are not inconsistent with a claim of disability:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) *citing Smolen v. Chater*, 80 F.3d 1273, 1287 n.7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." (citation omitted)); *Fair*, 885 F.2d at 603 ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). The ALJ found Plaintiff's allegations regarding his barriers to work were inconsistent with his demonstrated activities, such as attending college courses, doing household chores, having friends, running

errands, reading, writing, playing video games, and being able to search for jobs and attend job interviews. Tr. 23. The ALJ, however, did not explain how any of these activities are inconsistent with Plaintiff's allegations. Plaintiff has alleged issues with being distracted, trouble interacting with the public, lack of stress tolerance, and a general fear of failure and worst-case-scenarios occurring in the workplace. Tr. 56-58, 63-64, 67-68. None of these areas of difficulty are incompatible with tending to household chores, spending time with close friends, or engaging in hobbies at his own pace and without the pressures of a competitive work environment. While Plaintiff did attend community college courses, he frequently reported distress from the pressure of school, and he was placed on academic dismissal for his poor grades and stopped taking classes when he became overwhelmed, despite having multiple doctors recommend accommodations for his conditions. Tr. 61, 68, 335, 422-23, 462, 484, 485, 730. The ALJ also found Plaintiff completed a degree, but this event does not appear to be reflected anywhere in the record. Therefore, the ALJ's finding that Plaintiff's allegations were inconsistent with his activities is not supported by substantial evidence.

        The only other rationale offered by the ALJ was the lack of support from the objective testing. An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence). Furthermore, as already discussed, the ALJ's summary of the evidence was not entirely consistent with the longitudinal record and omitted several instances of exacerbation of symptoms.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 8

On remand, the ALJ shall reconsider Plaintiff's subjective testimony, considering the record as a whole and the context of various notations.

**B.     Medical Opinion Evidence.**

Plaintiff argues the ALJ erred in evaluating the medical opinions from consultative examiner Dr. Karen Mansfield-Blair, treating psychologist Dr. Jessica Long, and the medical expert who testified at the hearing, Dr. Jay Toews. ECF No. 21 at 10-19.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 9

Supportability and consistency are further explained in the regulations:

(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

  **1.** ***Dr. Long.***

In July 2018, Plaintiff's treating psychologist, Dr. Jessica Long, completed a letter summarizing Plaintiff's diagnoses and treatment, and noting his difficulties in academic and occupational functioning. Tr. 485-86. She concluded that with appropriate supports and job placement he may be able to manage very part time work, perhaps 10 hours per week, with a long-term goal of working his way up to more full-time employment. Tr. 486.

The ALJ found this letter to be unpersuasive, noting most of it was a summary of Plaintiff's reports and did not qualify as a medical opinion under the revised rules. Tr. 24. The ALJ further found that Dr. Long's opinion limiting Plaintiff to part-time work was not well-supported by her own findings, or the record as a whole, including her summary of Plaintiff's vocational rehabilitation services, and that the opinion was inconsistent with the overall record showing

improvement in his symptoms, his varied activities, and the detailed assessment from the state agency doctor. Tr. 24-25.

Plaintiff argues the ALJ failed to identify any specific inconsistencies in Dr. Long's records, or the record as a whole, which Plaintiff argues show consistently debilitating symptoms and marked deficits in day-to-day functioning. ECF No. 21 at 13-14. Plaintiff argues the opinion is clearly supported by the various findings and symptoms noted in Dr. Long's treatment records and that the ALJ mischaracterized the record. *Id.* at 14-16. Defendant argues the ALJ reasonably considered supportability and consistency and that the ALJ's interpretation was supported by substantial evidence. ECF No. 22 at 11-12.

The Court finds the ALJ's discussion is not supported by substantial evidence. As discussed above, the ALJ's discussion of improvement in Plaintiff's symptoms was not reflective of the longitudinal record, and there is no support for the ALJ's finding that Plaintiff completed a college degree. The ALJ found Dr. Long's summary of Plaintiff's interactions with vocational rehabilitation services a year earlier to be inconsistent with the record, but the record is not as clear as the ALJ implies; rather, the ALJ found Plaintiff turned down a full-time job offer in order to attend school full-time, but there is no evidence that the job offer was for full-time work or that Plaintiff was taking a full load of classes. Tr. 209, 430, 462. The report from vocational rehabilitation following Plaintiff's community-based assessment concluded that Plaintiff was not suited for full-time work until he increased his stamina, and noted multiple other recommendations for work-place accommodations. Tr. 280-82. The ALJ's conclusion that Dr. Long's recommendation for part-time work is inconsistent with her treatment records and the vocational rehabilitation records is not supported by substantial evidence.

On remand, the ALJ shall reconsider the persuasiveness of Dr. Long's opinion.

    2.    <u>**Dr. Toews.**</u>

The medical expert who appeared at the hearing, Dr. Jay Toews, testified that he believed Plaintiff's conditions met the mental listings prior to March 2018, but that Plaintiff eventually grew out of it and his conditions were not as severe beginning in March 2018. Tr. 46-52.[1]

The ALJ found this testimony unpersuasive. Tr. 25-26. With respect to the first period of listing-level impairment, the ALJ found the opinion to be unsupported by the objective evidence, which the ALJ summarized as including some difficulties, but showing improvement with medication and generally mild to moderate findings on mental status exams, along with evidence of attending school and working with vocational rehabilitation, all of which the ALJ found to be inconsistent with the marked limitations identified by the medical expert. *Id.* The ALJ additionally found that the beginning of the relevant period for the application was January 2018, the protected filing date, thus concluding that Dr. Toews testimony failed to establish disability for any 12-month period in the relevant period. Tr. 26. With respect to Dr. Toews' opinion that Plaintiff's conditions were non-severe as of March 2018, the ALJ found this unpersuasive, noting Plaintiff improved, but not to the point of non-severity. *Id.*

Plaintiff argues the ALJ failed to identify any objective findings that did not support Dr. Toews' testimony, and improperly rejected the testimony based on waxing and waning symptoms and various other improper readings of the record. ECF No. 21 at 11-12. Plaintiff further asserts the ALJ offered no rationale for

---

[1] Doctor Toews initially stated that Plaintiff's conditions were no longer severe as of March 2018, but then went on to assess moderate limitations in some of the B criteria and testified to work restrictions Plaintiff would have, therefore indicating some limitation on Plaintiff's ability to conduct basic work activities, making his impairments "severe" under Social Security's definition. 20 C.F.R. 416.922(a).

relying on the state agency reviewing doctor over Dr. Toews. *Id.* at 12. Finally, Plaintiff argues the ALJ misstated Dr. Toews' testimony with respect to the dates of disability and misstated the durational requirement, arguing that the 12-month durational requirement relates to the severity of the impairment, and that the filing date of the application is not a consideration in that assessment. *Id.* at 12. Defendant argues the ALJ reasonably found the medical expert's testimony to be unsupported and inconsistent with the objective evidence, noting the evidence of improvement and mild to moderate objective findings. ECF No. 22 at 8-11.

Given the above discussion regarding the ALJ's incomplete reading of the record, the ALJ must also reassess the medical expert's testimony. The Court additionally notes that the ALJ's rationale with respect to the relevant period is flawed. The 12-month durational requirement pertains to the impairments lasting at a disabling level for the full year. Social Security Ruling 82-52. The filing date of the application dictates only which months a claimant may be paid benefits. 20 C.F.R. 416.335. Therefore, the fact that Plaintiff did not file his application until the last few months of the period that Dr. Toews testified Plaintiff was disabled during does not mean Dr. Toews did not identify a period of disability that met the durational requirement.

On remand the ALJ will reconsider Dr. Toews' testimony.

3. **<u>Dr. Mansfield-Blair.</u>**

Plaintiff attended a consultative exam with Dr. Mansfield-Blair in December 2018. Tr. 494-98. She diagnosed Plaintiff with unspecified bipolar disorder, unspecified generalized anxiety disorder, and ADHD, and opined he would have difficulty with certain work-related functions, such as handling detailed and complex tasks, accepting instructions from supervisors, interacting with coworkers and the public, performing on a consistent basis, and dealing with usual stress. Tr. 497-98.

The ALJ found this opinion to be somewhat persuasive, finding it supported by the exam findings and consistent with the longitudinal record, but did not find it to be fully persuasive because the assessed limits were vague and failed to identify the specific degree of limitation. Tr. 24. The ALJ further found that the opinion that Plaintiff would have difficulty managing stress was not well supported by the exam findings showing Plaintiff was able to complete the intensive interview and testing without difficulty. *Id.* The ALJ finally found that because Dr. Mansfield-Blair said Plaintiff's condition was likely to improve within twelve months with treatment, it was questionable whether the opinion established a durational level of impairment.[2] *Id.*

Because this claim is being remanded for further consideration of other evidence, the ALJ shall also reconsider Dr. Mansfield-Blair's opinion.

C. **Step Three.**

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d).

Plaintiff argues the ALJ erred in failing to credit the testimony of Dr. Toews with respect to Plaintiff's listing-level mental impairments, and argues that had the

---

[2] The Court notes the record contains no treatment records following this consultative exam, despite Plaintiff's testimony at the hearing nearly a year later that he was keeping in close contact with all of his doctors. Tr. 74. On remand, the ALJ should ensure that the record is fully developed.

ALJ properly credited Dr. Long and Dr. Mansfield-Blair's opinions, she would have found Plaintiff's conditions to meet or equal a listing. ECF No. 21 at 20.

Because this claim is being remanded for reconsideration of Plaintiff's subjective complaints and the medical opinion evidence, the ALJ shall also reconsider the five-step process, including whether any of Plaintiff's impairments meet or equal a listed impairment.

**D.      Prior Application.**

With respect to prior SSI applications, an ALJ may reopen a determination that is otherwise final for good cause within two years from the date of notice of the initial determination. HALLEX I-2-9-40. Good cause is defined as existing when new and material evidence is furnished, a clerical error was made, or the evidence that was considered in making the determination clearly shows on its face that an error was made. *Id.*

Plaintiff filed a prior application in April 2016, which was denied initially in July 2016. Tr. 80. Plaintiff filed his current application in January 2018, within two years of the previous initial denial, alleging an onset date in 2012. Tr. 79. This operated as an implied request to reopen the prior application. HALLEX I-2-9-10. The ALJ found there was no basis for reopening the prior application, and adjudicated the current claim only. Tr. 20.

Plaintiff argues that the ALJ erred in failing to reopen his prior application, based on the new and material testimony of Dr. Toews that Plaintiff's mental conditions met a listing during the relevant period. ECF No. 21 at 9-10. Defendant argues that even though the prior application was denied within two years of the current application, the ALJ's action regarding reopening was discretionary and is therefore not a "final decision" of the Commissioner that is subject to judicial review, meaning the Court lacks jurisdiction to review the issue of reopening. ECF No. 22 at 4-6.

The Court finds it lacks jurisdiction to review the ALJ's decision to not reopen the prior application. The Supreme Court has specifically held that a decision by an ALJ to not reopen a prior application is not reviewable by the federal courts, with the exception of cases that present an argument of a colorable constitutional claim. *Califano v. Sanders*, 430 U.S. 99 (1977). Plaintiff has not alleged any such colorable claim and has offered no response to Defendant's arguments regarding the lack of jurisdiction. ECF No. 23. However, as this claim is being remanded for further proceedings and reconsideration of Dr. Toews' testimony, Plaintiff may reassert any arguments regarding reopening at the remand hearing.

E.  **Step Five.**

Plaintiff argues that the ALJ erred in her step five determination because the testimony of the vocational expert was premised on an incomplete hypothetical stemming from an inaccurate residual functional capacity determination. ECF No. 21 at 21. Considering the case is being remanded for the ALJ to properly address the medical opinion evidence and Plaintiff's subjective symptom testimony, the ALJ will be required to make a new step five determination and call upon a vocational expert to provide testimony.

### VIII.  CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed, and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made. Additional administrative proceedings could remedy defects.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective statements and the medical evidence of record, making findings on each of the five steps of the sequential evaluation process, and take into consideration any other evidence submitted or arguments relevant to Plaintiff's disability claim. The Court makes no judgment as to the whether the record supports an award of benefits.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 21**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 22**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

5. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 29, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE